# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SIEGFRIED MUELLER, | ) |
| Petitioner, | ) |
| | ) 3:18-cv-00312-HDM-VPC |
| v. | ) |
| ISIDRO BACA, et al. | ) **ORDER** |
| Respondents. | ) |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2241 comes before the court on petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) and for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Following review of the petitioner's pauper application, the court finds that petitioner cannot pay the filing fee. Petitioner will therefore be granted leave to proceed *in forma pauperis* and will not have to pay the filing fee.

Upon review of the petition, which the court construes as encompassing both petitions submitted by petitioner (ECF Nos. 1-1 & 1-2), it is clear that the petition must be dismissed for want of jurisdiction.

Petitioner is a state prisoner currently serving a sentence of 72 to 180 months for burglary with possession of a deadly weapon. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=43265 (last accessed June 28, 2018). In his petition, petitioner asserts that he is subject to a detainer issued by Immigration and Customs Enforcement ("ICE"). He seeks an order from this court either compelling ICE to conduct his deportation hearing immediately or dismissing the detainer. The court lacks jurisdiction to do either.

First, federal habeas corpus jurisdiction is limited to petitions from persons who are "in custody in violation of the Constitution and laws of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The "in custody" requirement is jurisdictional. *Wilson v. Betteque*, 554 F.3d 816, 821 (9th Cir. 2009) ("The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).") (citing *Hensley v. Man. Court, San Jose Milpita Judicial Dist.*, 411 U.S. 345, 351 (1973)). The Supreme Court has interpreted the statutory language to mean "in custody" pursuant to the conviction or sentence under attack. *Maleng*, 490 U.S. at 490-91.

Petitioner alleges that he has not received a deportation hearing, which the court construes to mean that he is under no final order of removal by ICE. A "bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus

available." *Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995); *see also Bederian v. Apker*, 2017 WL 880416, at *1 (E.D. Cal. March 6, 2017); *Bone v. Holder*, 2015 WL 2345545, at *2 (E.D. Cal. May 14, 2015)(collecting cases); *Montalvo v. United States*, 2010 WL 1418193 (D. Nev. April 6, 2010)(denying a COA on the issue). Accordingly, petitioner is not in ICE custody, and the court therefore lacks jurisdiction pursuant to § 2241 to hear his claims.

Second, the court is similarly without jurisdiction to consider petitioner's request that the court order ICE to conduct a deportation hearing. *Campos*, 62 F.3d at 313-14.

In short, as petitioner is not in this case challenging the judgment of conviction pursuant to which he is currently in custody, the court lacks jurisdiction to consider his claims and the petition must therefore be dismissed without prejudice.

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Petitioner shall not be required to pay the filing fee.

IT IS FURTHER ORDERED that the clerk of court shall file the petition (ECF Nos. 1-1 & 1-2).[1]

IT IS FURTHER ORDERED that the petition is hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability, as jurists of reason would not find the court's dismissal of the petition for lack of subject matter jurisdiction to

---

[1] The Clerk is advised to file both "petitions" in the same document as one petition.

be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of Court shall send petitioner a copy of his papers in this action and shall enter final judgment accordingly, dismissing this action without prejudice.

IT IS SO ORDERED.

DATED: This 29th day of June, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE